#### UNITED STATES BANKRUPTCY COURT
#### DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Jeffrey D. Wiley,<br><br>                    Debtor | Chapter 13<br>Case No. 16-10485 |
| Jeffrey D. Wiley,<br><br>                    Plaintiff<br>  v.<br>Wells Fargo Bank, N.A.,<br><br>                  Defendant | Adv. Proc. No. 16-1026 |

### ORDER EXTENDING TIME LIMITS

The Plaintiff and the Defendant have jointly asked the Court for an order extending the deadline for them to file various documents in this adversary proceeding.  *See* Joint Motion to Extend Time Limits [Dkt. No. 32].  A final pretrial conference is scheduled for June 22, 2017.

The Court convened a Rule 16(b) conference on January 26, 2017 and, after that conference, the Court issued a scheduling order in the form submitted by the parties.  *See* Dkt. No. 10.[1]  That scheduling order purported to identify the legal and factual issues for determination in this adversary proceeding.  *See* id. at ¶¶ II and III.  Later, at the parties' request, the Court extended various deadlines established in the scheduling order.  *See* Amended Joint PreTrial Scheduling Order [Dkt. No. 27].

The current motion seeks additional time due to the parties' realization "that there are two additional issues in this proceeding which they had not previously dealt with."  *See* Joint Motion

---

[1] The parties' joint motion states, incorrectly, that the scheduling order was entered on January 6, 2017.

to Extend Time Limits, at ¶ 2.   The motion does not explain why the issues were not "previously dealt with" or whether, in the exercise of reasonable diligence, they could have been anticipated at or before the Rule 16(b) conference.

A Rule 16(b) scheduling order may be altered "only for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b)(4).  Whether the current motion establishes good cause is debatable.  The entry of a Rule 16(b) scheduling order in an adversary proceeding is not a perfunctory step.  The Court's publication of a form of scheduling order does not absolve the parties of their obligation, under the Federal Rules of Civil Procedure, to consider, in a careful and deliberate manner, the topics identified in Rule 16(b) prior to the scheduling conference.  Of course, not every legal or factual issue is capable of being anticipated at the outset of an adversary proceeding.  But the parties must exercise reasonable diligence in creating a proposed Rule 16(b) scheduling order in the first instance.  The parties should not have an expectation that a scheduling order will be modified at the eleventh hour, simply because they agree to the modification.

In this case, the parties' motion will be granted.  They are cautioned, however, that similar requests in this or other cases may not be granted without a showing of good cause.  The late recognition of an issue, by itself, is not good cause.  The parties' consent, by itself, is not good cause.

- 3 -

      The parties have until June 9, 2017 to file stipulations, a joint pretrial memorandum, exhibit and witness lists and all pretrial motions. All other provisions of the pretrial order [Dkt. No. 27] remain in full force and effect.

Dated: May 31, 2017

                                    Michael A. Fagone
                                    United States Bankruptcy Judge
                                    District of Maine